**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PRASHANT SHAH and BOLLYWOOD HOLLYWOOD PRODUCTION, INC.,

Plaintiff,

Case No. 26-12620

v.

DENISE PAGE HOOD

RAJENDRA BOTHRA and RIMJHIM FILSM, LLC,

Defendants.
__________________________________/

**ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 12), DENYING EMERGENCY MOTION TO EXPEDITE BRIEFING AND HEARING ON DEFENDANTS' MOTION (ECF No. 13) AND SETTING BRIEFING SCHEDULE AND HEARING DATE FOR MOTION FOR PRELIMINARY INJUNCTION**

## I. BACKGROUND

This matter is before the Court on a Motion for Temporary Restraining Order and Preliminary Injunction filed on September 5, 2026 by Defendants Rajendra Bothra and Rimjhim Films, LLC ("RF"). Defendants also filed an Emergency Motion to Expedite Briefing and Hearing on Defendants' Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 13) Plaintiffs Prashant Shah and Bollywood Hollywood Production, Inc. ("BHP") filed a response to the

Motion to Expedite Briefing opposing such, and Defendant filed a reply to the response.

On June 15, 2026, Plaintiffs filed a Verified Complaint against Defendants before the Oakland County Circuit Court, State of Michigan. (ECF No. 1, PageID.12) The Complaint alleges the following counts: Breach of Contract – May 4, 2025 Agreement (Against RF) (Count I); Breach of Contract – The Termination Letter (Count II); Account Stated (Against RF) (Count III); Unjust Enrichment (Against Bothra and RF) (Count IV); Quantum Meruit (Count V); Promissory Estoppel (Count VI); Fraud / Fraudulent Misrepresentation and Silent Fraud (Against Bothra and RF) (Count VII); Defamation and Defamation Per Se (Against Bothra) (Count VIII); Tortious Interference with Business Relationship and Expectancies (Count IX); Contractual Indemnification (Count X); Declaratory Judgment (Count XI); and Piercing the Corporate Veil / Alter Ego (Bothra) (Count XII). (ECF No. 1, PageID.27-.39) The relief Plaintiffs seek include: compensatory, exemplary and punitive damages; statutory pre-judgment and post-judgment interest; reasonable attorney fees and costs under the Agreement and applicable law; a permanent injunction restraining Defendants and any of its agents from publishing, republishing, or causing to be published any further defamatory statements concerning Plaintiffs; a preliminary injunction prohibiting Defendants from

releasing or distributing the Film pending resolution of this matter; a declaratory judgment as to Count XI; and an audit report. *Id*. at PageID.40. To date, Plaintiffs have not filed a separate Motion for Preliminary Injunction prohibiting Defendants from releasing or distributing the Film as requested in their Prayer for Relief.

Defendants filed an Answer and Counterclaim on August 4, 2026, alleging: Breach of Contract (Count I); Breach of Special Purpose Vehicle (Count II); Breach of Fiduciary Duty (Count III); Fraudulent Misrepresentation (Count IV); Innocent Misrepresentation (Count V); Negligent Misrepresentation (Count VI); Statutory Conversion (Count VII) (misnumbered on Counterclaim); and, Rescission (Count VIII). (ECF No. 3, PageID.109-.125) Defendants' stated relief includes damages, dismissal of Plaintiffs' Complaint, Judgment in favor of Defendants and against Plaintiffs, Award to Defendants of their costs and fees. *Id*. at PageID.125. Defendants do not seek any injunctive relief in their Counterclaim.

Defendants removed the matter to the federal district court on July 29, 2026, asserting that the Copyright Act, 17 US.C. § 106, completely preempts the state law claims alleged by Plaintiffs. (ECF No. 1, PageID.6) Because Plaintiffs seek a declaration as to who presently owns and controls exclusive worldwide exploitation and distribution rights of the Film at issue, and to enjoin any unauthorized exploitation, Defendants claim that the gravamen of the relief sought is control over

rights equivalent to those protected by § 106. As to the claims involving agreements and accounting, Defendants further claim that the Court may exercise supplemental jurisdiction over those claims. (ECF No. 1, PageID.6-.7) Plaintiffs thereafter, on August 24, 2026, filed a Motion to Remand, arguing that the removal was untimely and there is no count which pleads copyright infringement and no copyright registration exists as to the Film at issue. (ECF No. 8, PageID.238) The motion is set to be heard on October 14, 2026.

On September 5, 2026, the Saturday within the Labor Day Weekend, Defendants filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, along with an Emergency Motion to Expedite Briefing and Hearing on Defendants' Motion for Temporary Restraining Order and Preliminary Injunction. (ECF Nos. 12, 13) Plaintiffs oppose the expedited briefing and hearing because Plaintiffs have filed a Motion to Remand contesting Defendants' removal asserting that there is no subject-matter jurisdiction by the Court over the Complaint. Plaintiffs claim that the Motion to Remand involving this Court's jurisdiction over the Complaint must first be resolved before addressing Defendants' Motion for Temporary Restraining Order and Preliminary Injunction. In addition, Plaintiffs further assert that Defendants failed to seek Local Rule 7.1(a) conference and submitted no Local Rule 7.1(a) certification nor a Fed. R. Civ. P. 65(b)(1)

certification. (ECF No. 14, PageID.451-.453)

## II. ALLEGATIONS

Considering the competing Complaint and Counterclaim, the factual allegations set forth in each vary. On May 4, 2025, Defendant RF and Plaintiff BHP, entered into an Agreement to form a Special Purpose Vehicle ("SPV") for the purpose of production and exploitation of the Film to be solely operated by BPH. (ECF No. 1, PageID.44) Bothra co-authored a book entitled "USA v/s. Raj Bothra" published in August 2025. *Id.* The parties agreed to collaborate for co-production of a cinematographic film based on the book ("Film") with a budget to be financed by RF. *Id.* The Book and Film are based on Bothra's life. On February 6, 2026, BHP's role and obligations as to the Film was terminated. *Id.* at PageID.54.

Plaintiffs allege that Defendants breached the agreement by, among other things, failing to pay production costs overrun. Defendants allege that Shah, as the director of the Film, breached the agreement by, among other things, delays in filming and financial mismanagement, resulting in losses by Defendants.

Defendants assert that the Film was accepted for screening at the Chicago South Asian Film Festival ("CSAFF") on September 8, 2026. (ECF No. 12, PageID.382) Defendants do not indicate in their Motion the date the Film was accepted for screening. On August 25, 2026, Plaintiffs sent a letter to Defendants,

and a separate letter to CSAFF, demanding that Bothra concede this action and pay Shah the damages asserted, and that Shah be given first producer position on the Film's poster and all CSAFF programs and website. *Id.* Plaintiffs threatened to pursue litigation against CSAFF and Defendants if their demands were not satisfied by September 11, 2026. *Id.* CSAFF subsequently informed Bothra that it would not screen the Film unless the parties reach an agreement. CSAFF removed all marketing materials for the Film from its website. *Id.* Bothra intends to market the Film in India and inclusion in an established film festival relevant to the South Asian market is a key step toward the Film reaching profitability. *Id.* Bothra asserts that CSAFF could still screen the Film on September 18, 2026. Based on his communications with CSAFF, Bothra believes that the Film could still feasibly be shown on September 18 if Plaintiffs' threats of litigation are clearly lifted shortly after the Labor Day weekend. *Id.* As noted above, the Motion was filed on September 5, 2026, the Saturday during the Labor Day Weekend.

## III. ANALYSIS

### A. Local Rule Certification

The District's Local Rule 7.1(a) provides,

> 1. [T]he movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed. To accomplish this, the movant must confer with the other parties and other persons entitled to be heard on the motion in good

> faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion. The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter. If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.
>
> 2. If concurrence is not obtained, the motion or request must state:
>    A. there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought;
>    B. despite reasonable and timely efforts specified in the motion or request, the movant was unable to conduct a conference; or
>    C. concurrence in the motion has not been sought because of the emergent nature of the relief requested in the motion; or
>    D. concurrence in the motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding pro se.

The Comment section further states,

> **LR 7.1(a)** requires that a moving party conduct a meaningful and timely conference with other parties to explain the nature of the relief sought and the grounds for the motion, to seek concurrence, and to narrow the issues. The Court's strong preference is for conferences held in a manner that facilitates discussion and debate, such as in person, by video or by telephone. Sometimes, email exchanges may suffice if the motion is rudimentary and uncomplicated, or to document conversations. But sending an email without engaging the other parties will not satisfy this rule.

E.D. Mich. LR 7.1(a); *All About Chores LLC v. Lyon*, No. 18-CV-12000, 2019

WL 2590750, at *1 (E.D. Mich. June 25, 2019). "Seeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *Id.* (quoting *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. Mar. 26, 2009)). Failure to seek concurrence may result in the denial of the underlying motion. *Id.*

Plaintiffs assert that on August 25, 2026, Plaintiffs delivered separate notice letters to Defendants and to the Chicago South Asian Film Festival. Eleven days later, Defendants filed the Motion for Temporary Restraining Order and for Preliminary Injunction. Defendants requested no meet-and-confer conference under Local Rule 7.1(a) nor gave any notice to Plaintiffs that a Rule 65 motion was contemplated. Plaintiffs claim that Defendants' self-inflicted urgency during a federal holiday weekend does not warrant compression of an adverse briefing schedule.

Defendants claim that after Plaintiffs delivered the Notice letters, they contacted Plaintiffs about the Notice. In their Motion for Temporary Restraining Order and/or Preliminary Injunction, counsel stated that,

> Pursuant to E.D. Mich. LR 7.1(a), as of September 4, 2026, concurrence on the motion has not been sought because of the emergent nature of the relief requested in the motion. Counsel for both sides of this matter have substantially discussed the issues set forth in the Emergency Motion and have been unable to reach a concurrence. Now, as Bothra's ability to have the Film

> shown on September 18 is in imminent threat of irreparable harm and there was no reasonable likelihood of concurrence. Concurrence on this issue would require either side to, effectively, concede this case entirely.

(Motion, ECF No. 12, PageID.357-.58)

Local Rule 7.1(a) is clear that it is the movant who "must" ascertain before filing whether the contemplated motion will be opposed. The movant "must" also confer with the other parties and other persons entitled to be heard on the motion in good faith where there is an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention. The movant "must" hold the conference sufficiently in advance of filing the motion. Defendants did submit an email indicating contact was made with Plaintiffs, but it was in response to Plaintiffs' Notices sent on August 25, 2026, and not to confer on Defendants' contemplated motion. This is shown by Defendants' statement in its Motion set forth above that it did not seek concurrence "because of the emergent nature of the relief requested in the motion." So in this statement, Defendants affirmatively stated they did not seek concurrence on the motion, even though in their reply, they appear to conflate their response to Plaintiffs' August 25 Notices as if they attempted to confer as required by E.D. Mich. LR 7.1 as to the Motion filed. As to their claim that there is an "emergent nature of the relief sought," the Court does not so agree. Plaintiffs sent their Notices on August 25. The showing of the

Film is set for September 18th, 24 days from the August 25th Notices date, and 13 days from the September 5th date Defendants filed their Motion. There was ample time for Defendants to confer with Plaintiffs as to the Motion. This is reflected by the fact that Plaintiffs filed a response to Defendants' Motion to Expedite Briefing, two days after Defendants filed their Motion, on the federal Labor Day Holiday on Monday. Defendants' emergent nature of the relief sought is an insufficient reason from excusing Defendants on the mandatory requirement to confer with the opposing party about a contemplated motion filing. On that alone, Defendants' Motion is denied.

**B. Motion for Temporary Restraining Order**

Rule 65(b) of the Rules of Civil Procedure governs motions for temporary restraining orders which states:

> (1)*Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order expires in 14 days after entry, unless the court extends the order, for good cause, for a like period, or if the adverse party consents to a longer extension. Fed. R. Civ. P. 65(b)(2).

"The Supreme Court has stated that the Rule 65(b) restrictions 'on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439, (1974)). There are two circumstances which would justify the Court proceeding ex parte on a motion for temporary restraining order without notice under Rule 65(b)(1): (1) where notice to the adverse party is *impossible*, and (2) in more limited circumstances, where "notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). "In order to justify proceeding ex parte because notice would render further action fruitless, the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Id*. Instead, a party trying to proceed ex parte "must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id*. at 651. Parties seeking ex parte relief must do more than allege that the adverse party could destroy evidence. *Id.* ("Showing that the adverse party would have the opportunity to conceal evidence is insufficient

to justify proceeding ex parte. If it were, courts would be bombarded with such requests in every action filed. The applicant must show that the adverse party is likely to take the opportunity for such deceptive conduct."). It is an abuse of discretion by the district court if it issued an ex parte temporary restraining order without requiring a plaintiff to certify why notice was not required and without requiring submission of proof to support such. *Id*. at 652.

In their Motion, Defendants conflate the analysis for both a Motion for a Temporary Restraining Order under Rule 65(b) and a Motion for Preliminary Injunction under Rule 65(a). As to a Motion for Temporary Restraining Order, Defendants failed to make a sufficient showing as required under Rule 65(b) as to why notice to the various Defendants is not required. Other than noting that no notice was given because of the "emergent nature of the relief requested," Defendants did not submit a certification that notice to the adverse party is *impossible*, or that notice would render fruitless further prosecution of the action. By filing the motion on the public docket and indicating they have had previous contact with Plaintiffs' counsel, it is clear that notice to Plaintiffs was not impossible. There is also no indication that notice of the motion would render fruitless further prosecution of the action since the resolution of the Motion would not resolve the claims one way or the other. Defendants have not shown they are entitled to ex parte

relief under Rule 65(b) since they failed to show why notice to the adverse parties is impossible and/or fruitless.

Addressing the irreparable injury requirement under Rule 65(b)(1), it is well-settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512.

In this case, Defendants seek an order enjoining Plaintiffs from contacting or otherwise communicating with any film festival, theater, venue or other similar third party for the purpose of causing or attempting to cause the cancellation or prevention of screening of the Film. Defendants further seek to enjoin Plaintiffs from representing to any third party that Plaintiffs possess authority to with the Film from a film festival or prevent the screening of the Film. In addition, Defendants seek to enjoin Plaintiffs from any action to cancel, obstruct or interfere with the Film's presently scheduled September 18, 2026 premiere, including communications intended to induce the festival or venue to withdraw or refuse to exhibit the Film. Defendants also seek to enjoin Plaintiffs from withdrawing or request withdrawal of the Film from any film festival or other exhibition opportunity without express written consent of Defendants or an order of this Court. Defendants finally seek an

order from the Court to enjoin Plaintiffs from otherwise intentionally interfering with Defendants' submission of the Film festivals or from Defendants to market, promote, exhibit or distribute the Film what appears to be a period pending this litigation.

As set forth above, both parties' Complaint and Counterclaim are based on breach of contract claims and related claims based on the parties' agreements or lack thereof. Defendants' Counterclaim seeks damages related to the production of the Film, the accounting of the funds, and restore any amounts Defendants paid to Plaintiffs back to Defendants. There are no claims in Defendants' Counterclaim seeking injunctive relief as to the future release of the Film, nor are there any counterclaims relating to any copyright issue, despite Defendants' removal of the case to federal court claiming complete preemption under the Copyright Act. Courts have held that impact on revenues of a film may be estimated in monetary terms based on a breach of contract claim. Any loss of profits, "although difficult to precisely quantify . . . may be estimated in monetary terms." See, *Twentieth Century Fox Film Corp. v. Marvel Enterprises*, *Inc.*, 277 F.3d 253, 258 (2nd Cir. 2002).

Defendant Bothra's "Affirmation" states that the Festival already informed him that it will not screen the Film unless the parties reach an agreement, and that all marketing materials for the Film had been removed from its website. Bothra

claims that the Film could still be screened on September 18, 2026, if Plaintiffs' threats of litigation are clearly lifted. However, as noted above, it is not only Plaintiffs that have filed a Complaint in this action. Defendants have also filed a Counterclaim, which Bothra did not assert in his "Affirmation" that Defendants threats of litigation would also be lifted.

As argued by Plaintiffs, they have contested this Court's jurisdiction over the removed Complaint by Plaintiffs and has sought remand of the action. Although subject matter jurisdiction is the most important issue this Court has to address first, it is also noted that no discovery has taken place on the parties' Complaint and Counterclaim. It already appears that this matter is at best contentious. Not only would the Court have to decide subject matter jurisdiction in its analysis of the likelihood to succeed factor in a preliminary injunction review, but it must also address the actual claims both parties raise in their Complaint and Counterclaim and whether each would likely succeed on the merits.

Based on the above, the Court denies Defendants' Motion for Temporary Restraining Order under Fed. R. Civ. P. 65(b)(1).

**C. Motion for Preliminary Injunction**

The Motion for Preliminary Injunction under Rule 65(a) as to the showing of the Film on September 18, 2026 appears to be moot in light of Bothra's Affirmation

that based on his communications with CSAFF, "I believe the Film could still feasibly be shown on September 18 if Plaintiffs' threats of litigation are clearly lifted shortly after the Labor Day weekend." (ECF No. 12, PageID.383) As noted above, Plaintiffs have contested the Court's subject matter jurisdiction over the removal. In addition, both parties have filed claims against each other. Even if this Court could properly review the subject matter jurisdiction issue, which was not fully briefed at the time the Motion for Temporary Restraining Order and Preliminary Injunction was filed, the Court would still have to review both the Complaint and Counterclaim as to whether Defendants would likely succeed on the merits. This would mean the parties would have to fully brief their claims for the Court to fully analyze the preliminary injunction motion.

However, the Court notes that Defendants do not only seek to enjoin Plaintiffs from allowing Defendants to show the film at the September 18th festival, but as to future festivals and showings. The Court will therefore move forward with the Preliminary Injunction portion of the motion to be heard. However, since Defendants did not indicate dates of future festivals and showings, the Court will schedule the Motion for Preliminary Injunction after the parties have fully briefed the Motion.

## IV. CONCLUSION/ORDER

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order **(ECF No. 12)** is **DENIED**.

**IT IS FURTHER ORDERED** that the Emergency Motion to Expedite Briefing and Hearing on Defendants' Motion for Temporary Restraining Order and Preliminary Injunction (**ECF No. 13)** is **DENIED**.

**IT IS FURTHER ORDERED** that the following briefing schedule governs the Motion for Preliminary Injunction portion of the Motion: Response brief must be filed by October 19, 2026 and the Reply brief must be filed by October 26, 2026. The Preliminary Injunction Motion hearing is set for **November 10, 2026, 2:00 p.m.**

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2026